**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ERNESTO REYES, FELIPE MARTINEZ ) <br> and JESSE ALFREDO WONG on behalf ) <br> of themselves and others similarly situated, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> WALGREEN COMPANY, ) <br> ) <br> Defendant. ) | No. 11 C 8598 <br><br> Senior U.S District Court Judge <br> George W. Lindberg |

**MEMORANDUM OPINION AND ORDER**

On December 2, 2011, plaintiffs Ernesto Reyes (Reyes), Felipe Martinez (Martinez) and Jesse Alfredo Wong (Wong) filed a complaint asserting individual and class-wide employment discrimination by defendant Walgreen Company (Walgreens). *See* 42 U.S.C § 2000 *et seq.* (Title VII); 42 U.S.C. § 1981. Defendant has filed a motion to dismiss arguing that plaintiffs have failed to plead facts sufficient to state a claim. Fed. R. Civ. P. 12(b)(6).

Plaintiffs' make the following allegations in support of their individual claims:

    9. Plaintiff Ernesto Reyes is a Latino male citizen and resident of the United States and at all times relevant to this Complaint was a citizen and resident of Illinois. He was hired by Walgreens on March 6, 2007 as an Internal Auditor at the Corporate Office. After working continuously in said capacity for over three and a half years, Ernesto Reyes was constructively terminated by Walgreens after experiencing prolonged discrimination in the workplace on September 1, 2011.

    10. Plaintiff Felipe Martinez is a Latino male citizen and resident of the United States and at all times relevant to this Complaint was a citizen and resident of Illinois. He was hired by Walgreens in or about October of 2000 as a Client Services Administrator at the Corporate Office. After working in said capacity for over ten years, Felipe Martinez

       was constructively terminated by Walgreens after experiencing prolonged discrimination in the workplace in or about January of 2011.

       11. Plaintiff Jesse Alfredo Wong is a Latino male citizen and resident of the United States and at all times relevant to this Complaint was a citizen and resident of Illinois. He was hired by Walgreens in or about July of 2008 as a Merchandising Planning Analyst at the Corporate Office. After working continuously in said capacity for over two years, Jesse Alfredo Wong was terminated by Walgreens after experiencing prolonged discrimination in the workplace in or about January of 2011.

       . . . .

       18. The claims of the representative Plaintiffs Ernesto Reyes, Felipe Martinez and Jesse Alfredo Wong are typical of the class as a whole. Each Plaintiff experienced sustained discrimination in the workplace, including repeated unsuccessful applications for promotions [numbering into the hundreds per individual] and a pattern of being compensated at a substantially lower rate than similarly situated non-Latino corporate staff members.

The remainder of plaintiffs' factual allegations comprise statements regarding Walgreens' "patterns of discrimination", but do not include any allegation as to how plaintiffs were discriminated against individually.

    A party seeking to represent a class must be able to prove actual injury to himself or herself. A claim of actual injury to other members of the class and potential injury to the representative is not sufficient. *O'Shea v. Littleton,* 414 U.S. 488, 493-94 (1974).

    Plaintiffs have requested that defendant's motion be treated as a motion for summary judgment under Rule 56. The court declines this request and will exclude matters outside of the pleadings. *See* Fed. R. Civ. P. 12(d).

    To state a claim upon which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal, plaintiffs' complaint must contain allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937,

1949 (2009)(*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This court accepts all well-pleaded facts in the complaint as true, but legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. *Iqbal*, 129 S.Ct. at 1951. After excising the allegations not entitled to the presumption, this court determines whether the remaining factual allegations "plausibly suggest an entitlement to relief." *Id.* The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, the complaint must contain "allegations plausibly suggesting (not merely consistent with)" an entitlement to relief. *Id.* at 557.

*Twombly* and *Iqbal* require plaintiffs to "provid[e] some specific facts" to support the legal claims asserted in the complaint. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Although it is difficult to quantify the degree of specificity required, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010).

Under Title VII, an employer may not "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C § 2000e-2(a)(1).

Once conclusory allegations are excised, plaintiffs' complaint fails to indicate how any individual plaintiff was discriminated against. For example, the complaint does not allege a single fact to explain how either Reyes or Martinez were "constructively terminated," and does not provide any facts as to the circumstances of Wong's actual termination. Further, the complaint alleges that plaintiffs "experienced sustained discrimination in the workplace" as a result of defendant's failure to promote plaintiffs

11 C 8598

and "a pattern of being compensated at a substantially lower rate than similarly situated non-Latino corporate staff members," but fails to allege a single fact to support these conclusory allegations. Accordingly, plaintiffs' factual allegations fail to raise a right to relief above a speculative level.

It is unnecessary to address the additional issues raised by defendant because plaintiffs' complaint is being dismissed.

**ORDERED**: Defendant Walgreen Company's motion to dismiss [11] is granted. Plaintiffs' complaint is dismissed without prejudice. Plaintiffs are granted leave to file an amended complaint on or before May 1, 2012.

ENTER:

*[signature]*
GEORGE W. LINDBERG
Senior U.S. District Judge

DATED: April 17, 2012